**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth R. MCGEE, Defendant-**
**Appellant.**

No. 17-1658

United States Court of Appeals,
Eighth Circuit.

Submitted: October 2, 2017

Filed: October 5, 2017

Anita L. Burns, Asst. Fed. Public Defender, Kansas City, MO (Laine Cardarel-

la, Fed. Public Defender, on the brief), for appellant.

Adam L. Caine, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

PER CURIAM.

Kenneth McGee directly appeals his sentence after pleading guilty to a firearm offense pursuant to a plea agreement that contained an appeal waiver. His counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the district court[1] erred in applying an enhancement under the Guidelines.

Upon careful review, we conclude that the waiver is valid, applicable, and enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (*de novo* review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of a waiver, if defendant knowingly and voluntarily entered into the plea agreement and waiver, and if enforcing the waiver would not result in a miscarriage of justice). Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues other than the scope of the appeal waiver. Accordingly, we dismiss this appeal and grant counsel leave to withdraw.

---

1. The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.